# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### FAYETTEVILLE DIVISION

IN RE: KENDRICK LARONE DAVIS      **CASE NUMBER:19-00973-5-JNC**
       CORDELIA ANN DAVIS            **CHAPTER 13**
       DEBTORS

## DEBTORS' AMENDED CHAPTER 13 PLAN

The Debtor by and through their counsel, R. Gregg Edwards, amends their voluntary Chapter 13 Plan:

     Sections 2.1, 2.4, 3.1,3.2 and 5.1 are amended.

Dated: **5/20/2019**

R. GREGG EDWARDS, P.A.

/s/ R. Gregg Edwards
R. GREGG EDWARDS
Attorney at Law
N.C. State Bar Number: 10862
2517 Raeford Road, Suite D
P.O. Box 53885
Fayetteville, NC  28305
910-483-3399 Office@rgedwards.com

## VERIFICATION

I, _Kendrick Larone Davis_, and I, _Cordelia Ann Davis_ under penalty of perjury, affirm that the foregoing Amendment is true to my best belief.

_/s/ Kendrick Larone Davis_     _/s/ Cordelia Ann Davis_
      Debtor             Co-Debtor

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### FAYETTEVILLE DIVISION

IN RE: KENDRICK LARONE DAVIS      CASE NUMBER: 19-00973-5-JNC
       CORDELIA ANN DAVIS         CHAPTER 13
       DEBTORS

The undersigned hereby certifies that he has served upon all parties or persons by law entitled to such service in the above captioned proceeding the following:

DEBTORS' AMENDED CHAPTER 13 PLAN

Said Service was accomplished in the following manner:

By automatic **electronic noticing** or by depositing copies of same in a depository under the exclusive care and custody of the United States Postal Service, in a postage-paid envelope, addressed as follows:

Joseph A. Bledsoe, III, Chapter 13 Trustee
PO Box 1618
New Bern, NC 28563

Marjorie K. Lynch
Bankruptcy Administrator
Two Hanover Square, Ste. 640
434 Fayetteville ST
Raleigh, NC 27601-1701

See attached mailing matrix

Dated: May 20, 2019

R. GREGG EDWARDS, P.A.

/s/ R. Gregg Edwards
R. GREGG EDWARDS
Attorney at Law
N.C. State Bar Number: 10862
2517 Raeford Road, Suite D
P.O. Box 53885
Fayetteville, NC   28305
910-483-3399 Office@rgedwards.com

Label Matrix for local noticing
417-5
Case 19-00973-5-JNC
Eastern District of North Carolina
Raleigh
Mon May 20 11:39:56 EDT 2019

ACAR Leasing LTD d/b/a GM Financial Leasing
PO Box 183853
Arlington, TX 76096-3853

Bankruptcy Administrator
Two Hannover Square, Ste. 640
434 Fayetteville Street
Raleigh, NC 27601-1701

Joseph A. Bledsoe III
PO Box 1618
New Bern, NC 28563-1618

Capital One Bank (USA), N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC  28272-1083

(p)CAPITAL ONE
PO BOX 30285
SALT LAKE CITY UT 84130-0285

Cordelia Ann Davis
3409 Cypress Bend TRL
Fayetteville, NC 28306-0055

Kendrick Larone Davis
3409 Cypress Bend TRL
Fayetteville, NC 28306-0055

Department Stores National Bank
c/o Quantum3 Group LLC
PO Box 657
Kirkland, WA  98083-0657

Department of Education/Navient
123 Justison ST 3rd FL
Wilmington, DE 19801-5360

Directv, LLC
by American InfoSource as agent
PO Box 5008
Carol Stream, IL  60197-5008

R. Gregg Edwards
Law Office of R. Gregg Edwards
PO Box 53885
Fayetteville, NC 28305-3885

GM Financial
Attn: Officer
PO Box 181145
Arlington, TX 76096-1145

Jay B. Green
908 E. Edenton Street
Raleigh, NC 27601-1206

Harley Davidson Credit Corporation
Attn; Officer
Dept. 15129
Palatine, IL 60055-5129

Harley-Davidson Credit Corp.
PO Box 9013
Addison, Texas 75001-9013

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Lendmark Financial Services
Attn: Managing Agent
9198 HWY 278 NE
Covington, GA 30014-7023

(p)LENDMARK FINANCIAL SERVICES
2118 USHER ST
COVINGTON GA 30014-2434

Linda Covington
1205 Stewartsville RD
Laurinburg, NC 28352-5209

Macys Discovery National Bank
Attn: Officer
PO Box 8218
Mason, OH 45040-8218

NC Attorney General
Attn: Revenue Section
PO Box 629
Raleigh, NC 27602-0629

NC Department of Revenue
Office of Serv. Div BK Unit
PO Box 1168
Raleigh, NC 27602-1168

Navy Federal Credit Union
Attn: Officer
820 Follin Lane
Vienna, VA 22180-4907

Navy Federal Credit Union
Attn: Officer
PO Box 3700
Merrifield, VA 22119-3700

Navy Federal Credit Union
P.O. BOX 3000
Merrifield VA 22119-3000

OneMain Financial
PO BOX 3251
EVANSVILLE, IN 47731-3251

Onemain Financial Services
Attn: Officer
PO Box 3251
Evansville, IN 47731-3251

SYNCB Home
Attn: Officer
PO Box 965036
Orlando, FL 32896-5036

Sharonview Federal Credit Union
Asset Recovery Department
P.O. Box 2070
Fort Mill, SC 29716-2070

onview Federal Credit Union
: Officer
A. Owen DR
tteville, NC 28304-3421

TD RCS/Broad Rover
Attn: Officer
1000 MacArthur BLVD
Mahwah, NJ 07430-2035

TD Retail Card Services
c/o Creditors Bankruptcy Service
P.O. Box 800849
Dallas, TX 75380-0849

ttorney General's Office
New Bern AVE STE 800
igh, NC 27601-1461

VW Credit Inc
Attn: Officer
1401 Franklin BLVD
Libertyville, IL 60048-4460

VW Credit Leasing, Ltd
c/o VW Credit, Inc.
PO Box 9013
Addison, Texas 75001-9013

rans Administration
nta Regional Center
ox 100023
tur, GA 30031-7023

Village Capital & Investment
1 Corporate Drive, Suite #360
Lake Zurich, IL 60047-8945

Village Capital & Investment, LLC
Attn: Banking Officer
One Corporate DR, STE 360
Lake Zurich, IL 60047-8945

eph J. Vonnegut
chens, Senter, Kellam & Pettit, P.A.
ox 2505
tteville, NC 28302-2505

W.S.Badcock Corporation
Post Office Box 724
Mulberry,FL 33860-0724

Wells Fargo Bank, N.A.
PO Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438

ls Fargo Card Services
n: Banking Officer
ox 14517
Moines, IA 50306-3517

Christopher Lewis White
Christopher Lewis White, P.A.
PO Box 31428
Raleigh, NC 27622-1428

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

ital One Bank USA
n: Officer
Box 85015
hmond, VA 23285-5075

Internal Revenue Service
Insolvency Support Services
320 Federal Place, Room 335
Greensboro, NC 27401

Lendmark Financial Services, LLC
2118 Usher Street
Covington, Ga 30014

Lendmark Financial Services, LLC
8 Usher Street NW
ington, GA 30014

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

ACAR Leasing LTD dba GM Financial Leasing

(d)Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

(u)Village Capital & Investment, LLC

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## FAYETTEVILLE DIVISION

**Fill in this information to identify your case:**

**Debtor 1:** Kendrick Larone Davis

      First Name          Middle Name         Last Name

**Debtor 2:** Cordelia Ann Davis

(Spouse, if filing)   First Name        Middle Name         Last Name

**Case Number:** 19-00973-5-JNC
(if known)

■ **Check if this is an amended plan and list below the sections of the plan that have changed.**

2.1, 2.4, 3.1,3.2,5.1

## __CHAPTER 13 PLAN__

| Part 1: | Notices |
| --- | --- |

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with Local Rules and judicial rulings may not be confirmable. *You __must__ check each box that applies in §§ 1.1, 1.2, 1.3, and 1.4, below.*

| | | | | | |
| --- | --- | --- | --- | --- | --- |
| **1.1** | A limit on the amount of a secured claim, including avoidance of mortgage liens, set out in Sections 3.1 or 3.3, which may result in a secured claim being treated as only partially secured or wholly unsecured. This could result in the secured creditor receiving only partial payment, or no payment at all. | ☐ | Included | ■ | Not included |
| **1.2** | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.5. | ☐ | Included | ■ | Not included |
| **1.3** | Nonstandard provisions, set out in Part 9. | ■ | Included | ☐ | Not included |

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated if the plan is confirmed.** You should read this plan carefully and discuss it with your attorney if you have an attorney in this bankruptcy case. If you do not have an attorney, you may wish to consult one. **Neither the staff of the Bankruptcy Court nor the Chapter 13 Trustee can give you legal advice.**

The following matters may be of particular importance to you. *__Debtors must check one box on each line of §§ 1.1, 1.2, and 1.3, above,__ to state whether or not the plan includes provisions related to each item listed. If an item is checked "Not Included," or if neither box is checked or both boxes are checked, the provision will not be effective, even if set out later in the plan.*

Debtor(s): Kendrick Larone Davis     Cordelia Ann Davis     Case No.:   19-00973-5-JNC

**To Creditors: (continued)**

> **Proof of Claim:** A creditor's claim will not be paid or allowed unless a proof of claim is timely filed by, or on behalf of, the creditor. Only allowed claims will receive a distribution from the Trustee. Confirmation of a plan does not preclude the Debtor, Trustee, or a party in interest from filing an objection to a claim. *See generally,* 11 U.S.C. §§ 501 and 502, and Bankruptcy Rules 3001, 3002, and 3002.1.

> **Pre-Confirmation Adequate Protection Payments:** Pre-confirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1) and Local Rule 3070-1(b) shall be disbursed by the Trustee in accordance with the Trustee's customary distribution process. A creditor will not receive pre-confirmation adequate protection payments unless and until a timely, properly documented proof of claim is filed with the Bankruptcy Court.

**1.4**   **Information about the Debtor: Income and Applicable Commitment Period.** *(Check one.)*

The "current monthly income" of the Debtor, calculated pursuant to 11 U.S.C. § 101(10A) and then multiplied by 12, is:

☐ ABOVE the applicable state median income; the Debtor's applicable commitment period is 60 months.

☑ BELOW the applicable state median income; the Debtor's applicable commitment period is 36 months.

**1.5**   **Projected Disposable Income and "Liquidation Test."**

The projected disposable income of the Debtor, as referred to in 11 U.S.C. § 1325(b)(1)(B), is $   0.00   per month.

The amount referred to in 11 U.S.C. § 1325(a)(4) that would be paid to holders of allowed unsecured claims if the estate of the Debtor were liquidated in a chapter 7 bankruptcy case (known as the "liquidation test") is estimated by the Debtor to be $ 0.00    . The "liquidation test" has been computed as indicated in E.D.N.C. Local Form 113B, Liquidation Worksheet & Plan Summary filed simultaneously with this plan.

**1.6**   **Definitions: See attached Appendix.**

## Part 2:     Plan Payments and Length of Plan

**2.1**   **The Debtor shall make regular payments to the Trustee as follows:**

$3,325.00     per month for 1     month(s) [followed by $3,825.00     per month for 59     month(s)]

*(Insert additional line(s), if needed.)*

**2.2**   **Regular payments to the Trustee will be made from future income in the following manner:**
*(Check all that apply.)*

☐ Debtor will make payments pursuant to a payroll deduction order.

☑ Debtor will make payments directly to the Trustee.

**2.3**   **Additional payments.** *(Check one.)*

☑ **None.** *If "None" is checked, the rest of § 2.3 need not be completed or reproduced.*

**2.4**   **The total amount of estimated payments to the Trustee is $ 229,000.00**    .

## Part 3:     Treatment of Secured Claims

**3.1   Residential Mortgage Claim(s) - When Residence to be Retained (Surrender addressed in § 3.6).**
*(Check one.)*

Debtor(s): Kendrick Larone Davis        Cordelia Ann Davis        Case No.:   19-00973-5-JNC

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

*Note: Avoidance of mortgage liens may not be accomplished in this district in the absence of the filing and proper service of a motion and notice of motion specifically seeking such relief and giving the affected creditor the opportunity to object and request a hearing.*

☑ **The Debtor proposes the following treatment of mortgage claims secured by the Debtor's principal residence:**

| Creditor Name | Direct Amt./ Mo | Conduit Amt./ Mo | Arrears Owed | + Adm.  Arrears | = Tot. Arrears to Cure* | Cure $/Mo | Avoid (Y/N) | Other Terms (Y/N) (if Y, see Other, below) |
|---|---|---|---|---|---|---|---|---|
| Village Capital & Investment ,LLC | | $2,258.14 | $24,522.06 | $4,516.28 | $29,038.34 | $408.70 | No | No |

*Insert additional claims, as needed.*

**Other.** *(Check all that apply, and explain.)* The Debtor:

☐ **(a)** does intend to seek a mortgage modification with respect to the following loan(s) listed above:

; or

☐ **(b)** does not intend to seek mortgage loan modification of any of the mortgage loans listed above; and

☑ **(c)** intends to:

May modify, have not decided.

## 3.2  Secured Claims Other Than Residential Mortgage Claims  - To be Paid Directly by Debtor.
*(Check one.)*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

☑ **On each claim listed below, the Debtor will make payments directly to the secured creditor, according to the contractual terms between the parties.**

| Creditor Name | Collateral | Direct Amt./ Mo. | Arrears Owed | Int(%) | Cure $/Mo. | Other Terms (Y/N) (if Y, see Other, below) | Mo. Pmt. Ends (mm/yyyy) |
|---|---|---|---|---|---|---|---|
| Harley Davidson Credit Corporation | 2018 Harley Davidson Road Glide | $415.00 | $451.01 | 7.5 | $7.52 | | |

*Insert additional claims, as needed.*
**Other:**

## 3.3  "Cram-Down" Claims  - Request for Valuation of Collateral and Modification of Undersecured Claims.
*(Check one.)*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

## 3.4 Secured Claims not Subject to Valuation of Collateral  -- Monthly Payment to be Disbursed by Trustee
*(Check one.)*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

☑ The secured claims listed below are not subject to valuation under 11 U.S.C. § 506(a). These claims include, but are not limited to, claims: **(a)** incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or **(b)** incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; and **(c)** any other secured claim the Debtor proposes to pay in full. These claims will be paid in full, through the chapter 13 plan disbursements, with interest at the rate stated below. Unless otherwise ordered by the Court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below.  In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Creditor Name | Collateral | Value of Collateral | Amount of Claim | AP Payment | Current Mo. Payment | Int (%) | Est. Mo. Pmt. Disbursed by Trustee | Equal Mo. Pmt. |
|---|---|---|---|---|---|---|---|---|
| W.S/ Badcock | Furniture | $3,899.28 | $3,899.28 | $38.99 | | 7.5 | | $78.13 |
| TD Retail Card Services | Furniture | $1,415.00 | $1,415.00 | $14.15 | | 7.5 | | $28.35 |
| Wells Fargo Bank, N.A. | Furniture | $1,507.78 | $1,507.78 | $15.07 | | 7.5 | | $30.21 |
| Lendmark Financial Services, LLC | Furniture | $2,000.00 | $2,000.00 | $20.00 | | 7.5 | | $40.08 |

*Insert additional claims, as needed.*

### 3.5 Avoidance of Judicial Liens or Nonpossessory, Nonpurchase-Money Security Interests. *(Check one.)*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

### 3.6 Surrender of Collateral. *(Check one.)*

☐ **None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*

☑ The Debtor will surrender to each creditor listed below the Collateral (also listed below) that secures the creditor's claim. Upon confirmation of the plan, and pursuant to Local Rule 4001-1(b), the automatic stay of 11 U.S.C. § 362(a) shall terminate as to the surrendered Collateral; and, if applicable, the co- debtor stay of 11 U.S.C. § 1301 will terminate in all respects, unless otherwise provided in the Motion for Confirmation of Plan. No claim for a deficiency will be allowed or paid unless the creditor files a claim or amends and reduces a previously filed claim to account for its disposition of the surrendered Collateral within 180 days after confirmation of the plan. Absent an order enlarging the 180-day deadline, if no claim is filed or amended within such 180-day period, surrender of the collateral, shall be deemed in full satisfaction of the Debtor's contractual obligation to the creditor.

| Creditor Name | Collateral |
|---|---|
| GM Financial | 2016 GMC Sierra Denali |
| Truck Finance of America | Auto Hauler |

*Insert lines for additional creditors and collateral, as needed.*

**Part 4:**     **Treatment of Fees and Priority Claims**

Debtor(s): Kendrick Larone Davis          Cordelia Ann Davis          Case No.:   19-00973-5-JNC

**4.1  General Treatment:** Unless otherwise indicated in **Part 9, Nonstandard Plan Provisions,** Trustee's commissions and all allowed priority claims, including arrearage claims on domestic support obligations, will be paid in full without interest through Trustee disbursements under the plan.

**4.2  Trustee's Fees:** Trustee's fees are governed by statute and orders entered by the Court and may change during the course of the case. The Trustee's fees are estimated to be ___6___ % of amounts disbursed by the Trustee under the plan and are estimated to total ___$13,745.00___ .

**4.3  Debtor's Attorney's Fees.** *(Check one, below, as appropriate.)*

☐ **None, because I filed my case without the assistance of an attorney and am not represented by an attorney in this case.** *If "None" is checked, the rest of § 4.3 need not be completed or reproduced.*

■ **Debtor's Attorney's Fees Requested or to be Requested, Paid Prior to Filing, and to be Paid through the Plan** (and check one of the following, as appropriate).

    ■ Except to the extent that a higher amount is allowed by the Court upon timely application, or a lower amount is agreed to by the attorney, the Debtor's attorney has agreed to accept the "standard base fee," as described in Local Rule 2016-1(a)(2), for services reasonably necessary to represent the Debtor before the Court through the earlier of confirmation of the Debtor's plan or the first 12 months after this case was filed. The amount of compensation requested does not exceed the allowable "standard base fee" as set forth in § 2016-1(a)(1) of the Administrative Guide. The total amount of compensation requested is $ ___$5,000.00___ , of which $ ___$300.00___ was paid prior to filing. The Debtor's attorney requests that the balance of $ ___$4,700.00___ be paid through the plan.

<strong>[OR]</strong>

    ☐ The Debtor's attorney intends to apply or has applied to the Court for compensation for services on a "time and expense" basis, as provided in Local Rule 2016-1(a)(7). The attorney estimates that the total amount of compensation that will be sought is $_____, of which was paid prior to filing. The Debtor's attorney requests that the estimated balance of $_____be paid through the plan.

**4.4  Domestic Support Obligations.** *(Check all that apply.)*

    ■ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5  Other Priority Claims.** *(Check one.)*

    ☐ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

    ■ All other allowed claims that are entitled to priority, listed below, shall be paid in full by Trustee disbursements under, and over the life of the chapter 13 plan, unless the claimant agrees to a different treatment or the Court orders otherwise:

| Creditor Name | Claim for: | Est. Claim Amt. |
|---|---|---|
| Internal Revenue Service | 2016, 2017, 2018 | $29,014.90 |
| N.C. Dept. of Revenue | 2018 | $5,376.29 |
| County Revenue | | |
| DSO/Alimony/Child Support Arrears | | |
| | | |

Debtor(s): Kendrick Larone Davis _____   Cordelia Ann Davis _____   Case No.: 19-00973-5-JNC

*Insert additional claims, as necessary.*
The Debtor estimates that TOTAL unsecured priority claims equal:

$33,174.90

## Part 5:   Executory Contracts and Unexpired Leases

**5.1** *(Check one.)*

☐ **None.** *If "None" is checked, the rest of Part 5 need not be completed or reproduced .*

☑ The executory contracts and unexpired leases listed below will be assumed by the Debtor, unless specifically rejected. If assumed, the Debtor will make post-petition payments directly to each creditor according to the terms of the underlying contract, and will cure the "Arrearage" amount through Trustee disbursements under the plan over the "Term of Cure" indicated. The "Arrearage" amount is an estimate, and unless the Court orders otherwise, this amount shall be determined by the amount stated on the creditor's proof of claim. *Allowed claims arising from the rejection of executory contracts or unexpired leases shall be treated as unsecured non-priority claims under Part 7 of this plan, unless otherwise ordered by the Court.*

| Lessor/Creditor Name | Subject of Lease/ Contract | Assumed or Rejected? | Pre-petition Arrears to be Cured *(if any)* | Total Arrears | Term of Cure *(# of mos.)* | Current Mo. Pmt. | Contract or Lease Ends *(mm/yyyy)* |
|---|---|---|---|---|---|---|---|
| VW Credit | 2017 Audi Lease | Rejected | | | | | |
| GM Financial | 2016 GMC Sierra Denali | Rejected | | | | | |

*Insert additional claims, as needed.*

## Part 6:   Co-Debtor and Other Specially Classified Unsecured Claims

**6.1** *(Check one.)*

☑ **None.** *If "None" is checked, the rest of Part 6 need not be completed or reproduced .*

## Part 7:   Unsecured Non-priority Claims

**7.1** **General Treatment.** After confirmation of a plan, holders of allowed, non-priority unsecured claims that are not specially classified in § 6.1, above, will receive a *pro rata* distribution with other holders of allowed, non-priority unsecured claims to the extent funds are available after payment to the holders of allowed secured, arrearage, unsecured priority, administrative, specially classified unsecured claims, and the Trustee's fees. Holders of allowed, non-priority unsecured claims may not receive any distribution until all claims of higher payment priority under the Bankruptcy Code have first been paid in full.

## Part 8:   Miscellaneous Provisions

Debtor(s): Kendrick Larone Davis | Cordelia Ann Davis | Case No.: 19-00973-5-JNC

**8.1 Non-Disclosure of Personal Information:** Pursuant to N.C. Gen. Stat. § 76-66 and other applicable state and federal laws, the Debtor objects to the disclosure of any personal information by any party, including without limitation, all creditors listed in the schedules filed in this case.

**8.2 Lien Retention:** Holders of allowed secured claims shall retain the liens securing their secured claims to the extent provided by 11 U.S.C. § 1325(a)(5).

**8.3 Retention of Consumer Rights Causes of Action:** Confirmation of this plan shall constitute a finding that the Debtor does not waive, release, or discharge, but rather retains and reserves, for the benefit of the Debtor and the chapter 13 estate, any and all pre-petition and post-petition claims the Debtor could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute, or under state or federal common law, including, but not limited to, claims related to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, Retail Installment Sales Act violations, Truth in Lending violations, Home Equity Protection Act violations, Real Estate Settlement Procedures Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Lending Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for under Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of the Bankruptcy Court for the Eastern District of North Carolina.

**8.4 Vesting of Property of the Bankruptcy Estate:**
*(Check one.)*
Property of the estate will vest in the Debtor upon:

☐    plan confirmation.

☑    discharge.

☐    other:

---

**8.5 Possession and Use of Property of the Bankruptcy Estate:** Except as otherwise provided or ordered by the Court, regardless of when property of the estate vests in the Debtor, property not surrendered or delivered to the Trustee (such as payments made to the Trustee under the Plan) shall remain in the possession and control of the Debtor, and the Trustee shall have no liability arising out of, from, or related to such property or its retention or use by the Debtor. The Debtor's use of property remains subject to the requirements of 11 U.S.C. § 363, all other provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

**8.6 Creditor Notices When Debtor to Make Direct Payments:** Subject to Local Rule 4001-2, secured creditors, lessors, and parties to executory contracts that will be paid directly by the Debtor may, but are not required to, send standard payment notices to the Debtor without violating the automatic stay.

**8.7 Rights of the Debtor and Trustee to Avoid Liens and Recover Transfers:** Confirmation of the plan shall not prejudice any rights the Trustee or Debtor may have to bring actions to avoid liens, or to avoid and recover transfers, under applicable law.

**8.8 Rights of the Debtor and Trustee to Object to Claims:** Confirmation of the plan shall not prejudice the right of the Debtor or Trustee to object to any claim.

**8.9 Discharge:** Subject to the requirements, conditions, and limitations set forth in 11 U.S.C. § 1328, and unless the Court approves a written Waiver of Discharge executed by the Debtor, the Court shall, as soon as practicable after completion by the Debtor of all payments under the plan, grant the Debtor a discharge of all debts that are provided for by the plan or that are disallowed under 11 U.S.C. § 502.

**Part 9:**      **Nonstandard Plan Provisions**

**9.1    The following are the Nonstandard Provisions of this plan:**

☐    None. If "None" is checked, the rest of Part 9 need not be completed or reproduced.

**The remainder of this Part 9 will be effective <u>only</u> there is a check in the box "Included" in Part 1,
§ 1.3, of this plan above.**

Under Bankruptcy Rule 3015(c), nonstandard plan provisions must be set forth below. A nonstandard
provision is a provision not otherwise included in this E.D.N.C. Local Form or deviating from it.
**Nonstandard provisions set out elsewhere in this plan are ineffective.**

11 U.S.C. §1321. Filing of plan.  The debtors have filed a plan.

Rule 3002(a).  Every creditor must file a Proof of Claim.

Part I.  Nonstandard Provisions Included in this Plan:
(a) Resolve Conflicting Language
(b) Reconciliation 1306 Plan or 1327 Plan
(c) Plan Says Secured, Claim Says Unsecured
(d) Reject Arbitration
(e) 524(i) Application of Payments
(f) 524(i) Application of Mortgage Payments
(g) Object to Claims at any Point in the Case
(h) No Payments if Stay is Lifted
(i) Failure to Pick Up Surrendered Personal Property
(j) Standing Stay Modification for Insurance/Direct Payments
(k) Revoke Cell Phone Authorization
(l) Credit Reporting
(m) Choice of Law
(n) Choice of Venue
(o) Jurisdiction for Non-Core Matters

(a) Conflict Between Plan Form and Nonstandard Provisions
1.  To the extent that the attached Plan Summary and any provisions in the above proposed plan differ or
contradict each other, such is incidental and not intentional, but nonetheless the attached plan provisions are
to be considered additional plan provisions.


(b) 11 U.S.C. §1306 Plan
1.  This is a §1306 Plan.  All property shall remain property of the estate and shall vest in the debtor only
upon dismissal, discharge, or conversion.  The debtor shall be responsible for the preservation and
protection of all property of the estate not transferred to the trustee.
2.  To resolve any conflict in this §1306 Plan that may arise between the interpretation of §1306 and §1327,
the post-petition wages of the debtor will remain the property of the estate until such time as the case is
closed, dismissed, or converted to a case under chapter 7,11, or 12 of this title, whichever comes first.
3.  Property of the estate includes all of the property specified in 11 U.S.C. §541 and all property of the
kind specified in 11 U.S.C. §1306 acquired by the debtor after commencement of the case but before the
case is closed, dismissed, or converted to one under another chapter of the Code.  All property of the debtor
remains vested in the estate and will vest in the debtor upon the entry of the final decree.
4.  This plan is submitted pursuant to 11 U.S.C. §1306.  All income and assets of the debtor including those
acquired post confirmation, shall remain property of the estate until discharge or dismissal.
5.  All property shall remain property of the Chapter 13 estate under 11 U.S.C. §§541(a), and 1306(a) and
shall revest in the debtor only upon discharge pursuant to §1328(a), conversion of the case, or specific
order of the Court which states otherwise.  The debtor shall remain in possession of and in control of all
property of the estate not transferred to the trustee, and shall be responsible for the protection and
preservation of all such property, pending further orders of the court.

6.  Property of the estate includes all of the property specified in 11 U.S.C. Section 541 and all property of the kind specified in such section acquired by the debtor after commencement of the case but before the case is closed, dismissed, or likewise converted to one under another chapter of the Code.

(c) Plan Says Secured Claim, Proof of Claim Says Unsecured Claim
1.  If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposed of distribution and for any other purpose under the plan and the debt shall be subject to discharge.

(d) Reject Arbitration and Alternative Dispute Resolution
1.  All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this chapter 13 case.
2.  All arbitration provisions, except any related to the debtor's principal residence and protected from modification pursuant to 11 U.S.C. §1322(b)(2), including waivers of class action standing and participation, are hereby void.
3.  The plan filed by the debtor herein specifically rejects, avoids, cancels, and otherwise releases the debtor from any and all contractual provisions, with any party or entity, which could or may imposed on the debtor any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the debtor or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution.  Consequently, confirmation of this plan shall constitute a finding that any such clauses, conditions or provisions, whether arising under the Federal Arbitration Act or any state rule, statue, or regulation, are invalid, void and otherwise unenforceable as to the debtor of the chapter 13 trustee.
4.  Acceptance by creditors of payments under this plan and/or failure of any creditor to file an objection to confirmation of the plan herein, constitutes waiver or any right of said creditor to seek enforcement of any arbitration agreement and constitutes consent to the removal of any arbitration clause from any type of contract or contract with the debtor herein.
5.  Pursuant to 11 U.S.C. §1322(b)(7) the debtor specifically rejects any and all executory contracts and contractual provisions with GM Financial and any other party or entity, which could or may impose on the debtor and/or the Chapter 13 Trustee any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the debtor to any form of binding arbitration or alternative dispute resolution whether arising under the Federal Arbitration Act or any state rule, statue, or regulation.

(e) 11 U.C.S. §524(i) Application of Payments For Non Mortgage Creditors
1.  All creditors receiving payments from the debtor or the trustee shall apply all post-petition arrearage payments only to the pre-petition arrearage claim.  All creditors receiving payments from the debtor or trustee shall apply the monthly post-petition payments to the monthly payments designed in the plan, or to the claim amount designed in the plan, or to the balance remaining on the claim, as provided for in the plan.
2.  All creditors receiving payments from the trustee shall apply all post-petition arrearage payments only to the pre-petition arrearage claim.  All creditors receiving payments from the trustee shall apply all regular monthly post-petition payments to the monthly payments designed, beginning with the calendar month and year designed for such payment.
3.  All creditors receiving payments from the trustee or to the debtor shall apply all payments only to the allowed claim.  All creditors receiving payments from the trustee or the debtor shall apply all payments to the monthly payments designated, beginning with the calendar month and year designated for such payment.

(f) 11 U.S.C. §524(i) Application of Mortgage Payments
1.  Confirmation of the plan shall impose a duty on mortgage creditors and/or mortgage servicers of such creditors, with respect to application of mortgage and mortgage-related payments, to comply with the provisions of 11 U.S.C. §524(i).  All mortgage creditors and/or servicers for mortgage creditors shall have an affirmative duty to do the following upon confirmation of the plan:

(A) Properly apply all post-petition payments received from the chapter 13 trustee and designated to the pre-petition arrearage claim only to such claims;

(B) Properly apply all post-petition payments received from the chapter 13 trustee and designated as ongoing or regular monthly mortgage payments beginning with the calendar month and year designated for such payment by the court in the order confirming the plan;

(C) Properly apply all post-petition payments received directly from the debtor only to post-petition payments unless otherwise ordered by the court;

(D) Refrain from assessing or adding any addition fees or charges to the loan obligation of the debtor based solely on a pre-petition default;

(E) Refrain from assessing or adding any additional fees or charges to the loan obligation of the debtor (including additional interest, escrow, and taxes) unless notice of such fees and charges has been timely filed pursuant to the applicable Federal Rule of Bankruptcy Procedure and a proof of claim has been filed and has not been disallowed upon objection of the chapter 13 trustee or the debtor;

(F) To the extent that any post-confirmation fees or charges are allowed pursuant to the applicable Federal Rule of Bankruptcy Procedure and are added to the plan, to apply only payments received from the chapter 13 trustee that are designated as payment of such fees and charges only to such fees and charges; and

(G) To the extent that any post-confirmation fees or charges are allowed pursuant to the applicable Federal Rule of Bankruptcy Procedure and are not added to the plan, to apply only payments received directly from the debtor and designated as payments of such fees and charges only to such fees and charges.

(H) Escrow, Interest Rate Change

1. If the ongoing or regular monthly mortgage payment changes due to either changed escrow requirements or a change in a variable interest rate, or if any post-petition fees or expenses are added to the Plan, and an increase in the plan payment is required as a result, the debtor shall thereafter make such increased plan payment as is necessary.  Provided, however, that the creditor and/or servicer shall have complied with the requirements of the applicable Federal Rule of Bankruptcy Procedure for the allowance of such mortgage payment change or addition of such fees and expenses.

2. Payments received by Village Capital & Investment, LLC from the trustee on prepetition arrearages shall be applied only to such arrearages. Prepetition arrears shall include all sums included in the allowed proof of claim.  Post-petition monthly mortgage payments paid by the trustee to Village Capital & Investment, LLC shall be applied to the month in which they were designated to be made under the plan. All payments shall be applied as set out in the Application of Payments covenant in the loan documents.

3. Mortgage creditor and/or mortgage servicer shall notify the trustee, the debtor and the attorney for the debtor in writing of any changes in the interest rate for any non-fixed rate or any adjustable rate mortgages and the effective date of any such adjustment or adjustments.  The failure to comply with such notice requirements shall constitute a waiver of any increase in the rate until such notice is provided.  In the event the rate should be reset to a rate lower that the rate as of the petition date, then any failure to provide notice as herein provided shall constitute a violation of §524(i) to the extent that the debtor suffers aggregate damages of more than $50,000.

4. Mortgage creditor and/or mortgage servicer shall notify the trustee, the debtor and attorney for the debtor in writing of any change in property taxes, and/or the property insurance premiums that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment or adjustments.  The failure to comply with such notice requirements shall constitute a waiver of any right to recover any enhanced escrow payments and to recover any such increases until such notice is provided, on the condition that notice is provided within sufficient time to maintain the feasibility of the plan as confirmed.

5. Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages; to deem the pre-petition arrearages as contractually cured by confirmation; to apply the direct mortgage payments, if any, paid by the trustee or by the debtor to the month in which they were made under the plan or directly by the debtor, whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor and the attorney for the debtor of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor and attorney for the debtor of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. §524(i).

(g) Objection to Proofs of Claim

1. Confirmation of the Plan does not bar a party in interest at any time from objecting a proof of claim for good cause shown.

2. Confirmation of this plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Federal Bankruptcy Rules 3001 or 3002.

3. The debtor reserves the right to object to any proof of claim that is not filed in strict compliance with Rule 3001 of the Bankruptcy Rules and furthermore reserves any and all claims, causes of action, offsets, or defenses the debtor may have with respect to any such claim. Furthermore, to the extent a filed proof of claim is inconsistent with this plan or with any of the Schedules or Statements filed in this case, then and in that event the debtor reserves the right to object and to pursue any and all legal claims related to or arising out of the transactions or occurrences giving rise to and otherwise related with the said claim or claims. To the extent the debtor raises an objection to a filed proof of claim, or to a notice of transfer of a filed claims, or files any adversary proceeding related to such an original claim or a transferred claim, then and in that event this plan shall be deemed to be automatically amended so as to indicate that such a claim is disputed, contingent and unliquidated. The debtor also reserves to the the estate or the debtor all claims or causes of action he may have, could have or might have based on any claim filed with the trustee in this case by any creditor, assignee or transferee and nothing in this plan or in these Schedules shall be deemed a waiver of any such claims or causes of action.

(h) No Payments if Stay is Lifted

1. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, the, unless otherwise ordered by the court, all payments as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

2. Unless otherwise specifically ordered, any creditor holding a claim secured by property which is removed from the protection of automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the chapter 13 trustee unless an itemized proof of claim for any unsecured deficiency balance is filed within 120 days (or 180 days if the property is real estate or manufactured housing), or such other period as the court orders, after the removal of the property from the protection of the automatic stay. The removal date shall be the date of the entry of an order confirming the plan, modifying the plan, or granting relief from stay. This provision also applies to other creditors who may claim an interest in, or a lien upon, property that is removed from the protection of the automatic stay or surrendered to another lien holder.

3. If relief from the automatic stay provided in 11 U.S.C. §362(a) is granted pursuant to 11 U.S.C. §362(d) at the request of any residential lien holder, all remaining claims of all residential lienholders shall be treated the same as the unsecured non-priority creditors, and shall not be excepted from discharge. However, the trustee shall not cease disbursement on any claim by any residential lien holder until the debtor files an appropriate objection to the claims.

(i) Failure to Pick Up Surrendered Personal Property

1. If, within 90 days of confirmation, a holder of a lien against personal property collateral surrendered under Part 3.5 has not taken possession of collateral or commenced judicial action to do so, the debtor may dispose of such personal property as allowed under North Carolina law.

(j) Standing Stay Modification

1. The automatic stay provided in 11 U.S.C. §362(a) is modified in this case to permit affected secured creditors to contact the debtor about the status of insurance coverage on property used as collateral and, if there are direct payments being made to creditors, to allow affected secured creditors to contact the debtor in writing about any direct payment default and to require affected secured creditors to send statements, payment coupons, or other correspondence to the debtor that the creditor sends to its nonbankruptcy debtor customers. Such actions do not constitute violations of 11 U.S.C. §362(a).

2. The automatic stay provided in 11 U.S.C §362(a) is modified in this chapter 13 case to permit affected secured creditors to contact the debtor about the status of insurance coverage on property used as collateral and, if there are direct payments being made to creditors, to allow affected secured creditors to contact the debtor in writing about an direct payment default. Such actions do not constitute violations of 11 U.S.C. § 362(a).

3. The secured creditors in this plan shall send statements, payment coupons, or other correspondence to the debtor that the creditor sends to its nonbankruptcy debtor customers. Such actions do not constitute violations of the automatic stay, 11 U.S.C. §362(a).

(k) Revocation of Consent to Telephonic Communications
1. Debtor is specifically rejecting as an executory contract any prior authorization, either in writing, verbally expressed or implied, to contact the debtor by way of his or her cellphone. Such contact includes but is not limited to cell phone calls, text messages, voice mail messages, silent voice mail messages, or any form communication by cellphone or otherwise. These provisions are incorporated and made a part of the chapter 13 plan and thus apply to all parties in interest with such provisions or who claim authority by contract, assignment, power of attorney, agency or otherwise to contact or attempt to contact the debtor by way of their respective wireless telephones or cell phones or land lines.
2. All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this chapter 13 case. Debtor is specifically rejecting as an executory contract any prior authorization, either in writing, verbally expressed or implied, to contact the debtor by way of their cellphone. Such contact includes but is not limited to cell phone calls, text messages, voice mail messages, silent voice mail messages, or any other form communication by cellphone or otherwise. These provisions are incorporated and made a part of the chapter 13 plan and this apply to all parties in interest with such provisions or who claim authority by contract, assignment, power of attorney, agency or otherwise to contact or attempt to contact the debtors by way of their respective wireless telephone or cell phones or land lines.
3. Any prior authorization to contact the debtor, either in writing or verbally, expressed or implied, by mobile telephone is revoked and rejected as an executory. Such contract include but is not limited to mobile telephone calls, text messages, voice mail messages, silent voice mail messages, or any other form of communication by mobile telephone or otherwise.
4. Debtors are specifically rejecting as an executory contract any prior authorization, either in writing, verbally expressed or implied, to contact the debtors by way of their cellphone. Such contact includes but is not limited to cell phone calls, text messages, voice mail messages, silent voice mail messages, or any other form communication by cellphone or otherwise. These provisions are incorporated and made a part of the chapter 13 plan and thus apply to all parties in interest with such provisions or who claim authority by contract, assignment, power of attorney, agency or otherwise to contact or attempt to contact the debtors by way of their respective wireless telephone or cell phones or land lines.

(l) Credit Reporting
1. If any creditor affected by this plan chooses to report debtor's account information to any credit reporting agency, such reports shall be consistent with the terms and provisions of this plan, as confirmed and 11 U.S.C. §1327(a).
2. Unless otherwise provided for by other state or deferral laws, no creditor affected by thus plan is required to report the account information for the debtor to any credit reporting agency. If however, any creditor affected by this plan chooses to report account information regarding the debtor to any credit reporting agency, such reports shall be consistent with the terms and provisions of this plan, as confirmed and 11 U.S.C. §1327(a).
3. If any creditor affected by this plan chooses to report debtor's account information to any credit reporting agency, such reports shall be consistent with the terms and provisions of this plan, as confirmed, and 11 U.S.C. §1327(a).

(m) Choice of Law
1. All choice of law provisions, except any related to the debtor's principal residence and protected from modification pursuant to 11 U.S.C. §1322(b)(2), are hereby void and the applicable laws of North Carolina shall henceforth apply to all matters involving to the  relationship between the debtor and creditors.
2. All choice of law provisions are hereby void and the applicable laws of North Carolina shall henceforth apply to all matters involving to the relationship between the debtor and creditors.

(n) Choice of Venue
1. All choice of venue provisions, except any related to the debtor's principal residence and protected from modification pursuant to 11 U.S.C. §1322(b)(2), are hereby void and venue shall be in North Carolina,

whether the state or federal courts, as otherwise appropriate, for all matters related to or arising from this bankruptcy.

(o) Jurisdiction for Non-Core Matters
1.  Confirmation of this plan shall constitute the express consent by any party in interest in this case, or any one or more of them, including all creditors or other parties duly listed in Schedules D, E, F, G, and H, or any amendments thereto, to the referral of a proceeding related to a case under Title 11 of the United States Code of Bankruptcy Judge to hear and determine and to enter appropriate orders and judgments as provided for by 28 U.S.C. §157(c)(2).

Part II. Nonstandard Plan Provisions for Specific Situations
(a) Mortgage or Mobile Home Claims
(b) Stay Collection Activity on Domestic Support Obligations
(c) Notice Required to Lift the Co-debtor Stay
(d) Classification of Claims for Joint Case
(e) Interest on Arrears
(f) Student Loans
(g) Taxes, Postpetition Taxes
(h) Treatment of a Lease
(i) Priority or Order of Distribution of Payments
(j) Offers in Compromise
(k) Attorney's Fees and Costs
(l) Retain Consumer Causes of Action
(m) Standing for Consumer Causes of Action
(n) Creditors Bound by Confirmation
(o) Periodic Mortgage Statements
(p) Creditors Must File Proof of Claim
(q) Adequate Protection Payment
(r) Contingent Claim
(s) Release of Security Interest
(t) Transfer of Claim

(a) Claims Secured by Security Interest in real Property or Mobile/Manufactured Home
1.  A creditor with a claim secured by real property listed in Part 3 shall comply with Rule 3002.1, whether or not it is the debtor's principal residence, whether being provided for as Maintenance of Payments and Cure of Default, Paid in Full under Sections, or Valued to Treat Claim as Secured to the Value of the Property.
2.  A creditor with a claim secured by a mobile or manufactured home shall comply with Rule 3002.1, whether provided for in Part 3 as Maintenance of Payments and Cure of Default, Paid In Full, or Valued to Treat Claim as Secured to the Value of the Property.

(b) Stay Collection Activity on Domestic Support Obligations
1.  Collection of child support arrearage that is provided for in the plan is stayed.
2.  Upon confirmation of this plan, any form of collection activity for a domestic support obligation that is provided for in this plan is hereby stayed, enjoined and precluded.  Collection actions include, but are not limited to; the reporting of support owed by the debtor to any consumer reporting agency, the interception of the debtor's state or federal tax refund, the enforcement of a medical obligation, the withholding, suspension, or restriction of the use of driver's licenses, professional and occupational licenses, and recreational and sporting licenses of the debtor, and collection activity against property that is exempt or property that is not property of the estate.  Any violation of this provision may be enforced by appropriate action before the Bankruptcy Court, which shall be vested with exclusive jurisdiction with respect to any such matters, proceeding or contested matters.

(c) Co-Debtor Stay
Notice to the co-debtor is required to terminate the §1301 co-debtor stay.

(d) Classification of Claims for Joint Case

In a jointly filed case, the debtors or chapter 13 Trustee may file a subsequent motion to provide for the separate classification of unsecured claims based on the liquidation requirements for each debtor's assets, including Tenancy by the Entireties.

(e) Interest on Arrears

All arrearages paid under the provisions of the Plan will either accrue interest at the rate set forth in the Plan or will accrue no interest if the Plan so designates.

(f) Student Loans

The Buchanan Provisions shall apply:

The debtor is not seeking nor does this plan provide for any discharge, in whole or in part, of their student loan obligations.

The debtor shall be allowed to seek enrollment in any applicable income-driven repayment ("IDR") plan with the U.S. Department of Education and/or other student loan servicers, guarantors, etc. (Collectively referred to hereafter as "Ed"), without disqualification due to bankruptcy. Ed shall not be required to allow enrollment in any IDR unless the debtor otherwise qualifies for such plan. The debtor may, if necessary and desired, seek a consolidation of their student loans by separate motion and subject to subsequent court order. Upon determination by Ed of their qualification for enrollment in an IDR and calculation of any payment required under such by the debtor, the debtor shall, within 30 days, notify the chapter 13 trustee of the amount of such payment. At such time, the trustee or the debtor may, if necessary, file a motion to modify the chapter 13 plan to allow such direct payment of the student loan(s) and adjust the payment to other general unsecured claims as necessary to avoid any unfair discrimination.

The debtor shall re-enroll in the applicable IDR annually or as otherwise required and shall, within 30 days following a determination of (his/her) updated payment, notify the chapter 3 trustee of such payment. At such time, the trustee or the debtor may, if necessary, file a motion to modify the chapter 13 plan to allow such direct payment of the student loan(s) and adjust the payment to other general unsecured claims as necessary to avoid any unfair discrimination.

During the pendency of any application by the Debtor to consolidate her student loans, to enroll in an IDR, direct payment of her student loans under an IDR, it shall not be a violation of the stay or other state or federal Laws for Ed to send the debtor normal monthly statements regarding payments due and any other communications including, without limitation, notices of late payments or delinquency. These communications may expressly include telephone calls and e-mails.

In the event of any direct payments that are more than 30 days delinquent the debtor shall notify (his/her) attorney, who will in turn notify the chapter 13 Trustee, and such parties will take appropriate action to rectify the delinquency.

The debtor's attorney may seek additional compensation by separate applications and court order for services provided in connection with the enrollment and performance under an IDR.

(g) Taxes, Post-petition Tax Claims

1. The debtor's plan shall provide for full payment of any post-petition tax claim filed by the Internal Revenue Service which are allowed pursuant to 11 U.S.C. §1305(b), unless the Internal Revenue Service, after a good faith consideration of the effect such a claim would have on the feasibility of the debtor's chapter 13 plan, specifically agrees to a different treatment of such claim. However, any future modification of the debtor's plan is to provide for full payment of any modification of the plan to that effect.

(h) Treatment of a Lease, Not Accepted and Not Rejected

If the plan proposes neither to assume nor reject an executory contract or unexpired lease, that treatment would have to be set forth as a nonstandard provision in Part 8.

The Debtor hereby exercises the statutory right under 11 U.S.C.§ 1322(b)(7) to provide for the assumption or rejection of executory contracts and unexpired leases by inclusion in this chapter 13 Plan, as specifically set forth in Section 5.1, as opposed to by motion notwithstanding the language to the contrary set forth in Section 5.1, which language purports to require the filing of a motion.

(i) Priority or Order of Distribution of Payments
The Official Form contains no provision on the order of distribution of payments under the plan, leaving that to local rules, orders, custom, and practice. If the debtor desires to propose a specific order of distribution, it must be contained in Part 8.

(j) Offers in Compromise
1. The Internal Revenue Service shall, pursuant to I.R.C §7122(a) (2002) and 11 U.S.C. §105 and 525(a), and notwithstanding any provisions of the Internal Revenue Manual, consider any property tendered Offer in Compromise by the debtor. This provision shall not be construed to require the Internal Revenue Service to accept any such Offer in Compromise, but the Internal Revenue Service shall consider such Offer in Compromise as if the debtor was not in an on-going bankruptcy. In the event that an Offer in Compromise is accepted by the Internal Revenue Service and any tax obligation is reduce, the chapter 13 trustee shall review the chapter 13 payment to determine if a reduction in the plan is feasible.

(k) Attorney Fees and Costs
1. Noticing costs: In addition to attorney fees allowed under Section 3.1 and commensurate with the March 11, 2016, Standing Order Regarding Procedures in Aid of the Administration of Chapter 13 Cases, which allows chapter 13 trustees reimbursement for noticing, the debtor's attorney is authorized to seek reimbursement for the costs of noticing of the chapter 13 plan at the rate of $1.00 per regular mail notice and $4.00 certified mail costs, as shown on the attached certificate of service.
2. Debtor's counsel may seek approval for additional compensation for representation of the debtor in the above.
3. Debtor's counsel may seek approval for additional compensation for representation of the debtor in (consumer rights claims, other matters, litigation, etc.).


(l) Retention of Consumer Rights Case of Action
1. Confirmation of this plan shall constitute a finding that the debtor does not waive, release or discharge but rather retain and reserve for him or herself and the chapter 13 trustee any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statue or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violations, Truth in Lending violations, Home Equity Protect Act violations, Real Estate Settlement Protection Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court.

(m) Standing for Consumer Rights Causes of Action
1. Confirmation of this plan shall vest in the debtor full and complete standing to pursue any and all claims against any parties or entities for all rights and causes of action provided for under or arising out of Title 11 of the Unites States Code including but not limited to the right to pursue claims for the recovery of property of this estate by way of turnover proceedings, the right to recover pre-petition preferences, the right to pursue automatic stay violations, and the right to pursue discharge violations.

(n) Creditors Bound by Confirmation
1. Any creditor's failure to object to confirmation of the proposed plan shall constitute the creditor's acceptance of the treatment of its claim(s) as proposed in the plan.

(o) Periodic Mortgage Statements
1. Effective April 1, 2019, a holder of a mortgage claim shall send periodic monthly statements to the debtor on a form complying with 12 C.F.R. §1026.41, in the same manner as existed pre-petition.
2. The secured creditors in this plan shall send statements, payment coupons, or other correspondence to the debtor that the creditor sends to its non-bankruptcy debtor customers. Such actions do not constitute violations of the automatic stay, 11 U.S.C. §362(a).

(p) Creditors Must File Proof of Claim

1.  To receive payment from the trustee, either prior to or following confirmation, all creditors must file a proof of claim, and the claim must be allowed.  Claims which are not filed within the time period required by Federal Bankruptcy Rule 3002(c) may be disallowed or subordinated to other claims upon further order of the Court.

2.  To receive payment from the trustee, either prior to or following confirmation, a secured creditor must file a proof of claim.  Secured claims which are not filed within the time period required by Federal Bankruptcy Rule 3002(c) may be disallowed or subordinated to other claims upon further order of the Court.

(q) Adequate Protection Payment

1.  To receive a pre-confirmation adequate protection payment from the trustee, as provided for by the Code, the secured creditor must file a proof of claim.

(r) Contingent Claims

The plan in this case will provide for the payment of all filed and allowed contingent claims at the same percentage as the said plan pays to other unsecured creditors.  For purposed of the plan, all such contingent claims shall be deemed to have an estimated value of $100.00.

(s) Release of Security Interest

1.  Upon the satisfaction or other discharge of a security interest in a motor vehicle, mobile homes, or in any other property of this estate in bankruptcy for which the certificate of title is in the possession of the secured party, the secured party shall within 10 days after demand and, in any event, within 30 days of receipt of the notice of the entry of the Discharge Order, execute a release of its security interest on the said title or certificate, in the space provided therefore on the certificate or as the Division of Motor Vehicles prescribes, and mail or deliver the certificate and release to the debtor or the attorney for the debtor. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with the provision.  This provision shall be enforced in a proceeding filed before the Bankruptcy Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan.  Such an enforcement proceeding may be filed by the debtor in this case either before or after the entry of the discharge order and either before or after the closing in this case.  The debtor specifically reserves the right to file a motion to reopen this case under Section 350 of Title 11 of the United States Code to pursue the rights and claims provided for herein.

2.  Upon the satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other secured property of this estate in bankruptcy for which the certificate of title is in the possession of a secured party, the secured party shall within 30 days of receipt of the notice of the entry of the Discharge Order, pursuant to North Carolina Cody 63-21-49, execute a release of its security interest on the said title or certificate and mail or deliver the certificate and release to the debtor or the attorney for the debtor.

(t) Transfer of Claim

If a claim has been transferred by the holder thereof after the holder has filed a proof of claim with the trustee, then the failure of the transferee to file evidence of the terms of the transfer with the clerk of the bankruptcy Court, with the trustee, and with the attorney for the debtor shall not serve to remove the transferor as a creditor in this case and in such situations all actions taken by the transferee subsequent to the transfer shall be deemed acts of the transferor to the same extent as if the transferee was a duly appointed agent of the transferor acting fully within the course and scope of his, her or its agency.

Pre-petition arrearage: Unless otherwise ordered by the Court, the amount of pre-petition arrearage set forth on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) shall control over any contrary amount listed in section 3.1 or 3.4 of this plan.

Valid Non-Purchase Money Security Interests in household goods and/or tools of trade will be valued at $300 each as if set forth, and included in Section 3.3. All references to payment amounts in this document represent average estimated payments, subject to the filing of a valid Proof of Claim, possible objections thereto, and the Chapter 13 Trustee's customary distribution process.

No additional provisions may follow this line or precede part 10: Signature, which follows; Appendix- Definitions, referenced in § 1.6, above, is attached after Signature.

**Part 10: Signatures**

If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any must sign below.

/s/ Kendrick Larone Davis
Signature of Debtor                          Executed Date 5/20/2019

/s/ Cordelia Ann Davis
Signature of Debtor                          Executed Date 5/20/2019

By signing and filing this document, the Debtor(s) certify that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 9.

/s/ R. Gregg Edwards
Signature of Attorney for Debtors            Executed Date 5/20/2019

If this document is also signed and filed by an Attorney for Debtor(s), the Attorney also certifies, that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D. N.C. Local Form 113, other than any nonstandard provisions included in Part 9.

Debtor(s): Kendrick Larone Davis                    Cordelia Ann Davis                    Case No.:        19-00973-5-JNC

## APPENDIX: Definitions.

The following definitions are applicable to this Plan.

| | |
|---|---|
| "AP Amt." | The amount the Debtor proposes to pay per month as pre-confirmation "adequate protection" payments in accordance with 11 U.S.C. § 1326(a)(1)(C) and Local Rule 3070-1(c). |
| "Administrative Guide" | The Administrative Guide to Practice and Procedure, a supplement to the Local Rules, which facilitates changes in practice and procedure before the Court without the necessity for revision to the Local Rules. The Administrative Guide may be found at the following Internet URL:  http://www.nceb.uscourts.gov/sites/nceb/files/AdminGuide.pdf. As used herein, the term refers to The Administrative Guide in effect as of the date of the filing of the debtor's petition. |
| "Applicable Commitment Period" | The mandated length of a Debtor's plan. Debtors whose annual median income is above the applicable state median income, must propose 60-month plans, and below median income debtors are not required to propose a repayment plan longer than 36 months. Either may propose a  shorter plan only if the plan will repay 100% of all allowed claims in full in less than the "applicable commitment period." Below median income debtors may propose a plan longer than 36 months, but not longer than 60 months, if the Court finds cause to allow a plan longer than 36 months. *See § 1.4, above.* |
| "Arrears" | The total monetary amount necessary to cure all pre-petition defaults. |
| "Avoid" | The Debtor intends to avoid the lien of a creditor in accordance with 11 U.S.C. § 506(d) and In re Kidd, 161 B.R. 769 (Bankr. E.D.N.C. 1993). |
| "Bankruptcy Rules" | The Federal Rules of Bankruptcy Procedure. |
| "Claim" or "Claim Amount" | The estimated amount of the creditor's claim against the Debtor. Absent a sustained objection to claim, **the total amount listed by a creditor as being owed on its timely filed proof of claim shall control over any amount listed by the Debtor in this plan.** |
| Collateral" | Description of the real property or personal property securing each secured creditors' claim. |
| "Conduit" | The regular monthly mortgage payment that is to be made by the Trustee when a mortgage claim is proposed or required to be paid through the plan disbursements.  (*See* Local Rule 3070-2). The number of monthly "conduit" payments to be made by the Trustee will be equal to the number of monthly payments proposed under the plan. |
| "Court" | The United States Bankruptcy Court for the Eastern District of North Carolina. |
| "Cram Down" | The Debtor intends that the amount to be paid in satisfaction of a secured claim be determined by determining the "value" of the secured creditor's "collateral," or what the "collateral" is worth, under 11 U.S.C. §506(a) [which the Debtor asserts is the amount shown in § 3.3, under the chart column headed, *"Value of Collateral"*], and amortizing and paying such "value" at the interest rate proposed in the chart column headed, *"Int. (%),"* over the life of the Debtor's plan. Any remainder of the creditor's total "claim amount" is allowed and treated as an unsecured claim. *See* §§ 1.1, 3.3, and 7.1. |
| "Cure" | Whether the Debtor intends to pay the amount in "arrears" on any claim. With respect to a mortgage claim secured by the Debtor's principal residence, if the Debtor proposes a cure through a mortgage loan modification, such intention is indicated in § 3.1. Otherwise, mortgage "arrears" will be cured through the chapter 13 plan disbursements unless the Debtor indicates a different method to cure under § 3.1. With respect to other secured claims being paid directly by the Debtor or an unexpired lease or executory contract that the Debtor proposes to assume, if the Debtor intends to cure "arrears," these "arrears" will be cured through the Trustee's disbursements under a confirmed chapter 13 plan unless the Debtor indicates otherwise in § 3.2. With respect to "arrears" owed on a Domestic Support Obligation [defined in 11 U.S.C. § 101(14A) and addressed in § 4.4, below], these "arrears" will be cured through the Trustee's disbursements under and by the end of the confirmed plan. |
| "Debtor" | The individual or the married couple who filed this bankruptcy case, whose name or names are found at the top of the first page of this chapter 13 plan. The term "Debtor" as used in this plan includes both debtors if this case was filed by a married couple. |
| "Direct" | The Debtor proposes to make all post-petition payments on the obligation directly, after the timely filing of a claim by or for the creditor. Disbursements to creditors secured by a lien on the Debtor's principal residence are subject to the provisions of Local Rule 3070-2. |

Debtor(s): Kendrick Larone Davis               Cordelia Ryan Davis           Case No.:   19-00973-5-JNC

| "Local Rules" | The Local Rules of Practice and Procedure of the United States Bankruptcy Court for the Eastern District of North Carolina, which may be found at the following Internet URL: http://www.nceb.uscourts.gov/sites/nceb/files/local-rules.pdf. |
|---|---|
| "Interest" or "Int." | The interest rate, if any, at which the Debtor proposes to amortize and pay a claim. In the case of an "arrearage" claim, unless the plan specifically provides otherwise, the Debtor proposes to pay 0% interest on the portion of any claim that is in arrears. |
| "Monthly Payment" or "Mo. Pmt." | If paid through the Trustee's disbursements under a confirmed chapter 13 plan, the estimated amount of the monthly payment proposed to be made to the creditor. If used in reference to a Current Monthly Payment, the current monthly installment payment due from the Debtor to the creditor under the contract between the parties, including escrow amount, if any. If used with reference to an obligation that the Debtor proposes to pay directly to a creditor, the amount the Debtor shall continue paying each month pursuant to the contract between the Debtor and the creditor. |
| "Other" | The Debtor intends to make alternative or additional provisions regarding the proposed treatment of a claim, including the intention of the Debtor to pursue a mortgage modification. |
| "Other Secured Claims" | Any claim owed by the Debtor that is secured by property other than the Debtor's principal residence. |
| "§" or "§§" | This symbol refers to the numbered Section or Sections (if two are used) of the plan indicated next to the symbol or symbols; the Section numbers are found to the left of the part of the plan to which they refer. |
| "Surrender" or "Surr." | The Debtor intends to surrender the "Collateral" to the secured creditor(s) upon confirmation of the plan. Surrender of residential real property is addressed in § 3.1, and surrender of other "Collateral" is addressed in § 3.6. |
| "Trustee" | The chapter 13 standing trustee appointed by the Court to administer the Debtor's case. |
| "Value" | What the Debtor asserts is the market value of a secured creditor's "collateral," as determined under 11 U.S.C. § 506(a), and, therefore, the principal amount that must be amortized at the interest rate proposed and paid in full over the life of the Debtor's plan to satisfy in full the secured portion of a creditor's claim, consistent with the requirements of 11 U.S.C. §§1325(a)(5) and 1328. |